Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2596 | **DATE** | 12/18/2002 |
| **CASE TITLE** | Iron Workers et al vs. Jaraczewski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** We grant plaintiffs' motion (Doc 17-1) for summary judgment. Defendant's motion (Doc 20-1) for summary judgment is denied. Jaraczewski is ordered to make restitution of the mistaken payments she received, a total of $50,178.19. Iron Workers are granted leave to file for attorney's fees, costs, liquidated damages, and interest. Said motion is due January 10, 2003. Answer to said motion due January 24, 2003. The Court will rule by mail.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | | DEC 19 2002 date docketed | |
| ✓ | Docketing to mail notices. | | | docketing deputy initials | 23 |
| | Mail AO 450 form. | | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | | DEC 19 2002 | |
| | SCT | courtroom deputy's initials | 02 DEC 18 PM 1:47 | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IRON WORKERS TRI-STATE WELFARE PLAN, DENNIS DOUGHERTY, RICHARD CASEY, JOHN SHORT, DANIEL AUSSEM, BRIAN DISKIN, HOWARD NORBERG, JOHN KECK, RICHARD WELSH, RONALD STONITSCH, PATRICK DORSEY, KERRY RICE, and ROBERT BEVANS as Trustees of the Iron Workers Tri-State Welfare Plan, | ) ) ) ) ) ) ) ) | DOCKETED DEC 19 2002 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | 02 C 2596 |
| LOIS JARACZEWSKI, | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on cross-motions for summary judgment. For the reasons set forth below, we grant summary judgment for Plaintiffs.

## BACKGROUND

The following facts are developed in the statements of fact filed by the parties pursuant to Local Rule 56.1 with respect to Plaintiffs' summary judgment motion.[1] Defendant Lois Jaraczewski was involved in an automobile accident with a third party

---

[1] No statements of facts were filed with respect to Defendant's cross-motion for summary judgment.

23

on August 1, 1998. At the time of the accident, she was a beneficiary of the Iron Workers Tri-State Welfare Plan (the "Plan"), which is governed by the Employment Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. § 1001, *et seq*. Jaraczewski received a $100,000 check from State Farm Mutual Automobile Insurance Company ("State Farm"), the third party's insurance carrier, for the injuries she sustained. Plaintiffs, the Plan and its trustees (collectively "Iron Workers"), did not learn of this payment until March 2001. After State Farm paid her $100,000, the Iron Workers paid Jaraczewski an additional $50,178.19 in benefits pursuant to the Plan. The Iron Workers contend that, because a third party was liable for her injuries and because other insurance (State Farm) applied to the injuries, Jaraczewski was not entitled to any benefits from the Plan. The Iron Workers further allege that they would not have paid her any benefits had they known about the State Farm payment. The Iron Workers filed a complaint (the "Complaint") seeking the return of the $50,178.19, attorneys' fees, and costs. Count I is for restitution under 29 U.S.C. § 1132(a)(3). Count II is an ancillary state claim for common law fraud. Both sides have moved for summary judgment.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law. *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000). The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The burden then shifts to the non-moving party to show through specific evidence that a triable issue of fact remains on issues on which the movant bears the burden of proof at trial. *Id.* The non-movant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; it must go beyond the pleadings and support its contentions with proper documentary evidence. *Id.* A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## DISCUSSION

**Defendant's Motion For Summary Judgment**

Local Rule 56.1(a)(3) requires a party moving for summary judgment to file and serve with its motion "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law." Local Rule 56.1(a)(3). Jaraczewski did not file such a statement. Her motion is denied. *See* Local Rule 56.1(a) ("Failure to submit such a statement constitutes grounds for denial of the motion.").

## I. Plaintiff's Motion For Summary Judgment

### A. Count I: Restitution

Iron Workers seek the return of the $50,178.19 that was mistakenly paid to Jaraczewski under the incorrect belief that it was payable under the Plan. Iron Workers alleged that the $50,178.19 was never payable to Jaraczewski for two independent factual reasons: (1) a third party was liable for Jaraczewski's injuries and (2) Jaraczewski's injuries were fully covered by other insurance (the third party's State Farm policy). Neither of these facts were known to Iron Workers at the time of payment. Either of these facts alone, according to Iron Workers, precluded any coverage under the Plan.

In their 56.1 statement, Iron Workers asserted:

> The amount paid by the Plan for the injuries sustained by the Defendant in the automobile accident on August 1, 1998 is $50,178.19. The $100,000 that the Defendant received from the State Farm policy far exceeded the medical bills incurred by the Defendant.

56.1 Statement ¶ 12. Jaraczewski did not file a response to the statement of facts as required by Local Rule 56.1(b)(3)(A). Instead, she set forth denials and objections to some (but not all) of Iron Workers' factual assertions in her opposition brief. With respect to the above-quoted factual assertions, she objected on the grounds that they "constitute statement[s] of uncontested legal conclusions." Jaraczewski Opp. at 4. On

the contrary, they are clearly factual assertions deserving a substantive response. Since Jaraczewski did not controvert them, they are admitted. *See* Local Rule 56.1(b)(3)(B) ("All materials facts set forth in the statement required by the moving party will be deemed to be admitted unless controverted by the statement of the opposing party").

Irrespective of the facts, Jaraczewski argues that the claim is legal in nature and that Congress limited ERISA remedies to those which are equitable in nature. Section 502(a)(3) of ERISA provides, in relevant part, that:

> [a] civil action may be brought . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3) (emphasis added). In interpreting section 502(a)(3), the Supreme Court noted "that there is no doubt that Congress intended 'equitable relief' to include only those types of relief that were typically available in equity, such as injunction, mandamus, and restitution." *Mertens v. Hewitt Assocs.*, 508 U.S. 248 (1993). In the instant action, Iron Workers seek restitution for mistaken payments. The Seventh Circuit has already held that "ERISA lets courts establish a federal common law governing restitution of mistaken payments." *Construction Indus. Ret. Fund of Rockford v. Kasper Trucking*, 10 F.3d 465, 467 (7th Cir. 1993) (citing *UIU*

*Severance Pay Trust Fund v. Steelworkers Local No. 18-U*, 998 F.2d 509, 513 (7th Cir. 1993)).

While the case law is clear that restitution is an available remedy under ERISA, Jaraczewski disputes that Iron Workers' claim is actually one for restitution. Although the claim is labeled as one for restitution, Jaraczewski argues that it is really a claim for legal relief. Jaraczewski relies on *Great-West Life & Annuity Ins. v. Knudson*, 122 S. Ct. 708 (2002), for support. In *Knudson*, an ERISA plan, presumably with full knowledge of the facts, paid a beneficiary's medical expenses for injuries she sustained in an automobile accident. *Id* at 711. After the benefits were disbursed, the beneficiary recovered her medical expenses from a third party that was involved in the accident. *Id*. The plan then sued the beneficiary pursuant to a reimbursement provision that gave the plan the right to recover from the beneficiary any payment for benefits that the beneficiary was entitled to from a third party. *Id*. Specifically, the plan sought "injunctive and declaratory relief under § 502(a)(3) to enforce the reimbursement provision." *Id* at 712. The court held that the plan's remedy was not authorized under section 502(a)(3) of ERISA because it was seeking "in essence, to impose personal liability on respondents for a contractual obligation to pay money–relief that was not typically available in equity." *Id* at 712-13. In the instant case, Iron Workers allege that the payments were paid to Jaraczewski because of a mistaken belief that her

medical expenses had not already been compensated and that her injuries were not caused by a third party. The instant case is different than *Knudson*, which was based upon a contractual provision to reimburse rather than a mistaken payment. Accordingly, we find Iron Workers' restitution claim equitable in nature and therefore authorized under section 502(a)(3) of ERISA.

In *UIU Severance Pay Trust Fund*, a union sought restitution for unauthorized contributions that were mistakenly paid on behalf of a union employee. 998 F.2d at 509-10. On appeal, the Seventh Circuit laid out general factors under which a district court should analyze a restitution claim. *Id* at 513. Pursuant to that holding, we must determine whether: (1) the Plan payments are "the sort of mistaken payments that equity demands be refunded"; (2) Iron Workers "delayed bringing this action for so long that laches, or some other equitable defense, bars recovery"; (3) Iron Workers "ratified" the mistaken payments; and (4) Jaraczewski "would be unjustly enriched if recovery were denied". *Id.*

The Plan states that "covered expenses shall not include, and no payment shall be made for charges incurred to treat an injury for which a third party may be responsible." 56.1 Statement ¶ 16 (admitted). Prior to the disbursement of the $50,178.19, Jaraczewski received $100,000 from State Farm, which more than covered her medical expenses. Jaraczewski never informed Iron Workers of the State Farm

payment. Thus, Iron Workers, at the time it paid Jaraczewski, mistakenly believed that she was entitled to the benefits under the Plan. We find these payments to be the sort that equity demands be returned. *See Heller v. Fortis Benefits Ins.*, 142 F.3d 487, 494-95 (D.C. Cir. 1998) (insurance company entitled to federal common law restitution remedy to recover ERISA benefits erroneously paid to claimant). There is no evidence of ratification or laches or any other equitable defense. Since the $100,000 payment far exceeded her medical bills, she would be unjustly enriched if she were also able to keep the Plan's $50,178.19.

B.   Count II: Common Law Fraud

Iron Workers also assert a claim against Jaraczewski for common law fraud pursuant to the Seventh Circuit's recent holding in *Trustees of AFTRA Health Fund v. Biondi*, 303 F.3d 765 (7th Cir. 2002) (holding that ERISA does not preempt state law claims for fraud). Specifically, Iron Workers claim that Jaraczewski fraudulently concealed the true nature of the automobile accident. While *Biondi* clearly states that Iron Workers' fraud claim is not preempted, *Biondi* does not support Iron Workers' motion for summary judgment on that count. Under Illinois law, Iron Workers must demonstrate the following elements of a fraudulent concealment claim:

> (1) the concealment of a material fact; (2) that the concealment was intended to induce a false belief, under circumstances creating a duty to speak; (3) that the innocent party could not have discovered the truth

through a reasonable inquiry or inspection, or was prevented from making a reasonable inquiry or inspection, and relied upon the silence as a representation that the fact did not exist; (4) that the concealed information was such that the injured party would have acted differently had he been aware of it; and (5) that reliance by the person from whom the fact was concealed led to his injury.

*Id at 777* (citing *Schrager v. North Comm. Bank*, 767 N.E.2d 376, 384 (Ill. 2002)). As the record stands, a reasonable jury could readily find the second and third elements lacking.

With respect to the second element of fraudulent concealment, Iron Workers rely on *Biondi* for their assertion that Jaraczewski had a duty to inform them of the third party's liability and the State Farm payment. In *Biondi*, the plaintiff made substantial payments on a divorced woman's medical claims under her ex-husband's ERISA plan to which she was no longer entitled upon their divorce. 303 F.3d at 769. Noting that the ERISA plan expressly obligated the husband to notify the plan if he ever divorced his wife, the court held that he had a duty to speak. *Id* at 770. In the instant case, Iron Workers have not disclosed any analogous provision of the Plan that expressly obligated Jaraczewski to disclose the facts she allegedly concealed. Accordingly, we cannot determine on summary judgement that she had a duty to affirmatively educate the Plan of these facts.

With respect to the third element of fraudulent concealment, Iron Workers rely on their assertion that they asked Jaraczewski "in a telephone conversation whether or not any of [Jaraczewski]'s medical bills were covered by any other insurance, to which [Jaraczewski] responded in the negative." 56.1 Statement ¶ 7. Jaraczewski denies this call ever took place. To the extent that Iron Workers rely on this alleged phone call to demonstrate they could not have discovered the truth through a reasonable inquiry or inspection, there is a factual dispute that precludes summary judgment on their fraud claim.

## CONCLUSION

Based on the foregoing analysis, we grant Iron Workers' motion for summary judgment. Jaraczewski is ordered to make restitution of the mistaken payments she received, a total of $50,178.19. Iron Workers are granted leave to file for attorney's fees, costs, liquidated damages, and interest.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated: DEC 1 8 2002